John R. HECK et al.,
Plaintiffs-Appellants,

v.

Johnnie WALTERS et al.,
Defendants-Appellees.

No. 73–2574.

United States Court of Appeals,
Ninth Circuit.

April 23, 1975.

Morris Sankary, San Diego, Cal., for plaintiffs-appellants.

Daniel F. Ross, Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

OPINION

Before GOODWIN, WALLACE and SNEED, Circuit Judges.

PER CURIAM:

Charging violation of their constitutional rights resulting from seizure of personal property pursuant to a federal tax lien, John R. Heck and his wife, Albertine, sought damages against various Internal Revenue Service personnel. The district court dismissed the action and the Hecks appealed. Even viewing the facts, as we must, in a light most favorable to the Hecks (United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)), we find the district court was correct in concluding that "[t]here is no genuine issue as to any material fact and the . . . defendants are entitled to judgment as a matter of law." We thus affirm the summary judgment in favor of appellees.

The Hecks owned Heck Van & Storage in San Diego. They filed late tax returns for 1968 and 1969 and failed to pay the amounts admittedly due. On December 3, 1971, these taxes were formally assessed by an assessment certificate. The certificate listed assessments against many people and the amounts due were totaled by tax category. This

certificate was revised on December 21, 1971, to retotal the estate and gift tax assessments due to a correction of a clerical error. This correction did not pertain to the Hecks. A notice and demand for payment was sent to the Hecks on December 3, 1971 (the date of the first assessment certificate), and again on March 8, 1972. (The assessment certificate itself is not sent.) The IRS filed a tax lien in San Diego County against the Hecks on March 23, 1972. On May 4, 1972, after further warning and demand, collection officers seized the Hecks' personal property used in their business, including several vehicles and all office equipment. The officers padlocked the premises to secure the office equipment inside. On May 9, 1972, Mr. Heck contested this action by picketing and forcibly entering the premises. He was arrested for attempting to rescue seized property and for conspiring to assault a federal officer. We affirmed his conviction on the conspiracy count in United States v. Heck, 499 F.2d 778 (9th Cir. 1974).

The Hecks admit that the December 21 corrected assessment certificate was valid but, because the notice of assessment was sent to them over 60 days later, they contend it does not meet the requirements of Internal Revenue Code section 6303. On the other hand, they argue that the December 3 assessment certificate was voided by the December 21 revision and that any notice and demand for payment based upon a voided assessment certificate is invalid. They conclude that because the lien and levy involved either an untimely notice or a voided assessment certificate, the seizure was unlawful under the Fourth Amendment.

■ We need not reach the question of notice pursuant to the December 21 revised assessment certificate because the first assessment certificate and notice were valid. The Code provides that "[t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary or his delegate . . . ." Int.Rev.Code of 1954,

§ 6203. This is usually initiated by machine recordation and formalized when an assessment officer signs the assessment certificate, referred to as the "summary record of assessment." Supporting records specifically identify each taxpayer by name and his liability. Treas.Reg. § 301.6203–1 (1967). All aspects of the December 3 assessment were quite proper: the assessment certificate was machine recorded in the usual manner, it was formally signed and notice was mailed that very day. The revised assessment certificate corrected only the total of the estate and gift taxes; it did not affect the summary total of income taxes assessed December 3. Further, the change had nothing to do with the individual assessment of the Hecks as described in the supporting records. The December 21 corrections did not, as the Hecks contend, entirely void the December 3 assessment certificate. For example, Treasury Regulation section 301.6204–1 provides for supplemental assessments "for the purpose of correcting or completing the original assessment." Far from indicating that the original assessment certificate and subsequent notice are voided, this shows that the original assessment remains valid so far as uncorrected. We need go no further than to hold that where the correction has nothing to do with the amount owed by particular taxpayers, as in this case, the original assessment certificate continues to apply to them. Thus, the first notice and demand mailed on December 3, as well as the later lien and levy, were valid as to the Hecks.

The Hecks also claim that the collection agents acted unconstitutionally in failing to allow removal of exempt property. However, they do not allege that a claim of exemption was made at the time of seizure.

■ The Hecks also claim constitutional violations in their wrongful exclusion from, or unlawful arrest for entering, their own building prior to its seizure. The government did not formally levy on this real property until May 10, 1972, but had previously padlocked the

premises to secure the seized personalty. On May 9, Mr. Heck forcefully entered the building and was arrested. In the previous criminal conviction for conspiracy to assault an officer, we did not rule on the validity of the seizure but impliedly validated the arrest. Therefore, the Hecks may not complain of any exclusion by means of the arrest; they may challenge only the padlocking of the building before formal seizure of the premises. Since the government was responsible for the office equipment after seizure, however, it must be allowed reasonable means to secure it. *See* Int.Rev. Code of 1954, § 6331(b). From the uncontroverted evidence in this case, the means used were reasonable.

Because of our disposition of the above issues, we need not pass upon the other claims of error.

Affirmed.