**In re QUALITY SIGN CO., INC., Debtor.**

**Bankruptcy No. IP84–0217RA.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

June 26, 1985.

David A. Rosenthal, Rosenthal, Grieves & O'Bryan, Lafayette, Ind., for debtor.

Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for the I.R.S.

## ENTRY ON OBJECTION TO PLAN OF LIQUIDATION

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on an objection filed by the United States of America, Internal Revenue Service ("IRS"), to the debtor's Chapter 11 plan of liquidation. The basis of the objection concerns the status to be accorded pre-petition penalties on 11 U.S.C. Section 507(a)(7) priority tax debts. It is the debtor's position that although this case is proceeding under Chapter 11 of Title 11, it is in the nature of a liquidation, not a reorganization, and therefore, the distribution rules of 11 U.S.C. Section 726 should be applicable and accord non-pecuniary loss penalties and unsecured status subordinated to all general unsecured debts. The government maintains that although there is no specific provision under Chapter 11 defining the status of penalty claims, such penalties were not intended to be avoided; and that the liquidation provisions of Chapter 7 of Title 11 are inapplicable to Chapter 11 proceedings, that such non-pecuniary loss penalties should be accorded the same payment treatment as all other unsecured claimants.

The purpose of a liquidating plan in a Chapter 11 proceeding is to allow the debtor to liquidate his property in a reasonable manner without a forced sale and to effect substantial cost savings. Further, to protect creditors, pursuant to 11 U.S.C. Section 1141(d)(3), a corporation cannot obtain a discharge for its debts in a liquidating plan. Pursuant to Section 507(a)(7), the plan has provided for payments to taxing authorities of amounts due the taxing authority in its entirety for wages collected or withheld for which the debtor is liable in whatever capacities. Also, the plan provides that the tax withheld, as well as the tax required to be contributed by the employer, has been scheduled as a priority claim. The debtor has relegated the taxing authority's claim for pre-petition penalties not assessed or secured by a tax lien to be waived pursuant to 11 U.S.C. Section 507(a)(7)(G) since the penalty does not relate to a claim of a kind specified and is not in compensation for actual pecuniary loss.

The parties have agreed and stipulated that all pecuniary loss has been compensated, but the issue of penalty still remains. Under 11 U.S.C. Section 726(a)(4), the Code provides that such penalties are subordinate to the rights of unsecured creditors to receive distribution prior to the payment of penalties. Taxing authorities argue, as does the IRS here, that the provisions of 11 U.S.C. Section 726(a)(4) are not binding in a Chapter 11 plan. The debtor cites *In re Compton Corp.*, 40 B.R. 880 (B.C.N.D.Tex. 1984), for support of its contention that in Chapter 11 cases such as this, where the debtor's assets have been liquidated, Section 726(a)(4) is applicable. In *Compton* the court held that Section 726 was applicable for two reasons. First, the case was a liquidating Chapter 11, which was similar to a Chapter 7 liquidation; and secondly, the Department of Energy's claim was not based on actual loss and was thus a penalty that could be subordinated.

The IRS counters debtor's argument and the holding in *Compton* by citing *In re Colin*, 44 B.R. 806 (B.C.S.D.N.Y.1984), in which the court criticized *Compton* and found Section 726(a)(4) to only be applicable in Chapter 7 cases and not in Chapter 11 cases. However, the court in *Colin* did, in fact, hold the punitive damage claim to be subordinate to the other general unsecured creditors, not through the applicability of Section 726, but pursuant to Section 510 of the Code. Section 510 provides for subordination of claims and interests under principles of equitable subordination.

The classic case for the applicability of subordination involves inequitable conduct by the claimant resulting in injury to other creditors. The court, however, determined that inequitable conduct does not represent the exclusive basis for equitable subordination under Section 510(c). Certain claims, such as penalty claims, are to be subordinated by virtue of their very nature. Penalty claims are imposed, not to afford redress, but to deter future wrongful conduct. Specifically, the court stated:

> The clear implication of the statute and its legislative history is that a claim for punitive damages should not be allowed to share in pari passu with other general unsecured creditors for to do so would result in creditors paying for the debtor's alleged misconduct. *Id* at 810.

Thus, although *Colin* chose another premise upon which to find subordination, the result in *Colin* was the same as that in *Compton.* Whether it be under principles of equitable subordination or Section 726, the clear implication of these cases is that penalty claims should be accorded status inferior to all general nonsubordinated unsecured claims.

Accordingly, this Court finds that the penalties assessed by the taxing authorities are to be relegated to a position of priority of distribution below that of unsecured creditors due to the fact that they are not for actual pecuniary loss.