UNITED STATES (IRS), Plaintiff,

v.

Dennis C. & Bernice M. GATES, Defendants.

Civil Action No. H–98–0341.

United States District Court, S.D. Texas, Houston Division.

July 1, 1999.

Manuel P. Lena, Jr., Dept. of Justice, Tax Division, Dallas, TX, for United States (IRS), plaintiff.

Teresa Jean Womack, Redding and Associates, Houston, TX, for Dennis C. Gates, Bernice M. Gates, defendants.

## MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Plaintiff, the United States, on behalf of the Internal Revenue Service ("IRS"), has sued defendants, Dennis C. and Bernice M. Gates, to reduce to judgment unpaid federal income taxes owed for tax years 1980, 1981, 1988, and 1991. The government has moved for summary judgment on its claim. (Docket Entry No. 13). Defendants have responded, (Docket Entry No. 15), and the government has replied. (Docket Entry No. 16). Based on the motion, the briefs, the parties' submissions, and the applicable law, this court GRANTS in PART and DENIES in PART the government's motion for summary judgment; ORDERS the government to submit a proposed order reducing to judgment defendants' tax liability for tax years 1980, 1988, and 1991; and SETS a filing date for the joint pretrial order and the docket call for the only remaining issue, the tax liability for tax year 1990. The reasons for these rulings are stated below.

### I. Discussion

The government asserts that defendants are indebted to the United States for unpaid federal income taxes for tax years 1980, 1981, 1988, and 1991, in the gross amount of $271,090.98[1] as of December 22, 1997. In this lawsuit, the government seeks to collect this tax liability by obtaining a judgment in this court. The defendants do not contest the government's calculations. Nor do they provide any reason why their tax liability for tax years 1988 and 1991 should not be reduced to judgment. Defendants' only argument is that they have raised a genuine issue of fact as to whether the government's effort to collect defendants' unpaid tax for the 1980 and 1981 tax years is barred by limitations. The question before this court is whether there is a genuine issue of fact material to determining when the IRS as-

sessed defendants for their unpaid federal income tax liability for tax years 1980 and 1981.

"The purpose of an assessment is to place the amount of taxes owed by the taxpayer on the government's books." *In re Doerge,* 181 B.R. 358, 363 (Bankr. S.D.Ill.1995). Absent a challenge to the amount of tax liability, the government must assess a debtor's taxes within three years after the return is filed. *See* 26 U.S.C. § 6501(a). If the debtor challenges the tax liability in tax court, all further assessment and collection activity is stayed until the tax court's decision becomes final. *See id.* §§ 6503(a)(1), 6213(a). The decision of the tax court becomes final at the end of a ninety-day appeals period. *See id.* §§ 7481(a)(1), 7483. If no appeal is filed, the government must make its assessment within sixty days after the appeals period ends. *See id.* § 6503(a)(1).

After an assessment is made, the government must demand payment from the taxpayer. *See id.* § 6303. If a taxpayer refuses to pay the assessed deficiency after a government demand, a lien automatically attaches to all property or rights to property belonging to the taxpayer. *See id.* §§ 6321, 6322; *Gardner v. United States,* 34 F.3d 985 (10th Cir.1994); *In re Doerge,* 181 B.R. at 363. The government has ten years from the assessment date to collect the unpaid tax, either by levy or through a court proceeding. *See* 26 U.S.C. § 6502. If the government fails to initiate collection proceedings within this ten year period, the tax liability becomes uncollectible as a matter of law.

The government filed this lawsuit on February 5, 1998. Under 26 U.S.C. § 6502, the taxes at issue must have been assessed on or after February 5, 1988. As proof of the dates of assessment, the IRS has submitted a Certificate of Assessments and Payments ("Form 4340") for each of the tax years at issue. (Docket Entry No. 13, Exs. 10–13). "[A] Form 4340 is ade-

1. This figure includes the tax originally assessed for the four years in dispute, as well as penalties and interest. The tax assessed for the tax years 1980, 1981, 1988, and 1991 was $36,036; $4,116; $6,318; and $13,951, respectively.

quate to prove a valid assessment if it lists the '23C date,' indicating the date on which the actual assessment was made." *Huff v. United States*, 10 F.3d 1440, 1446 (9th Cir.1993); *see also Geiselman v. United States*, 961 F.2d 1, 5–6 (1st Cir.1992). The "23C date" indicates the date on which an IRS officer signs a summary record of assessment, known as a Form 23C. *See Huff*, 10 F.3d at 1446 n. 5; *United States v. McCallum*, 970 F.2d 66, 68 & n. 1 (5th Cir.1992); *United States v. Sitka*, Civ. No. 2:90CV00268, 1994 WL 389473, at *3 (D.Conn. May 19, 1994). In this case, the "23C date" listed on the Form 4340 for the $36,036 deficiency assessed for tax year 1980 is February 8, 1988. (Docket Entry No. 13, Ex. 10). The "23C date" listed on the Form 4340 for the $4,116 deficiency assessed for tax year 1981 is February 29, 1988. (*Id.*, Ex. 11). Both dates fall within the statute of limitations. The Form 4340 also identifies May 16, 1983 as a "23C date" for a March 4, 1983 audit deficiency of $1,007. That date does fall outside the limitations period.

"The IRS regularly uses the Form 4340 to prove that is has made a tax assessment." *Sitka*, 1994 WL 389473, at *3. A Form 4340 is considered "presumptive proof of a valid assessment," but it is not conclusive. *McCallum*, 970 F.2d at 71; *see also Taylor v. IRS*, 69 F.3d 411, 419 (10th Cir.1995); *Jones v. United States*, 60 F.3d 584, 590 (9th Cir.1995); *Stallard v. United States*, 12 F.3d 489, 493 (5th Cir. 1994); *Sitka*, 1994 WL 389473, at *3; *In re Boch*, 154 B.R. 647, 651–52 (Bankr.M.D.Pa. 1993).

Defendants attack the IRS's Form 4340s as both incomplete and "self-serving documents prepared ... for this litigation."

(Docket Entry No. 15, pp. 2–3). The charge of incompleteness is based on a comparison of the Form 4340s with the certified transcripts of account. (Docket Entry No. 1, Exs. 1–2). However, as the government explains, the Form 4340 is a Certificate of *Assessments* and *Payments* that records assessments and payments only. It does not record statutory accruals of interest or other additions until they are actually assessed. The fact that the Form 4340 is prepared for purposes of litigation does not in itself raise a fact issue as to the information it contains. *See Sitka*, 1994 WL 389473, at *4 ("[T]he court notes that the IRS's use of the Form 4340 is often for purposes of litigation.") (citing *Geiselman*, 961 F.2d at 6).

In an attempt to raise a fact issue as to the presumption of validity, defendants have submitted Notices of Federal Tax Liens ("NFTL") that the government filed for defendants' 1980 and 1981 tax liability. The NFTL for the 1980 deficiency, filed on September 14, 1988, lists the date of assessment as May 5, 1986 and shows an unpaid balance of $84,335.47. (Docket Entry No. 15, Ex. A). The NFTL for the 1981 deficiency, also filed on September 14, 1988, lists the date of assessment as May 16, 1983 and shows an unpaid balance of $8,609.65. (*Id.*, Ex. B). This NFTL also lists February 29, 1988, the government's claimed date, as an additional date of assessment, but reports an unpaid balance of $0.00 for this assessment.

In response, the government asserts that it has produced substantial evidence showing that the errors in the tax lien notices do not raise a fact issue and that the relevant assessments were made in February 1988.[2] The government submit-

2. Citing *In re Cennamo*, 147 B.R. 540, 543 (Bankr.C.D.Ca.1992), the government asserts that, as a matter of law, errors contained in a notice of federal tax lien have "no impact on the validity on the underlying assessment." (Docket Entry No. 15, p. 4). In *Cennamo*, the IRS listed an incorrect date of assessment on the NFTL it filed against the debtors' residence. The court held that despite the incorrect assessment date, the NFTL still provided constructive notice to the debtors, as well as

to purchasers and creditors. Accordingly, the court held that the "minor defect in filing will be overlooked," and declined the debtors' invitation to invalidate the tax lien. *Cennamo*, 147 B.R. at 543. In this case, however, defendants do not seek to challenge the validity of a lien but rather to create a fact issue as to the dates of assessment of their tax liability. The government's cited authority does not preclude defendants from using a NFTL in this manner.

ted into the record the November 5, 1987 decision of the United States Tax Court, which held that "there are deficiencies in income taxes due from [defendants] for the taxable years 1980 and 1981 in the amounts of $36,036.00 and $4,116.00, respectively." (Docket Entry No. 13, Ex. 8). These deficiencies are identical to those the government seeks in this case. These deficiencies could not have been assessed while the tax court proceeding was pending. *See* 26 U.S.C. §§ 6503(a)(1), 6213(a). Because defendants did not appeal the November 5, 1987 decision, (*see* Docket Entry No. 13, Ex. 9, Defendants' Response to United States' First Requests for Admissions, p. 9), the IRS had, under the Tax Code, a "window in which to assess the tax [at issue in the Tax Court proceeding] which beg[an] 90 days after the date of entry of the tax court decision and end[ed] 150 days after the date of entry of that decision."[3] *Doerge*, 181 B.R. at 363. Both the claimed dates of assessment (February 8, 1988 and February 29, 1988) fall within that sixty-day window.

The government asserts that the certified transcripts of account for the 1980 and 1981 tax years also support the absence of a genuine issue of material fact as to the dates of assessment. The transcript for 1980 shows that on February 8, 1988, an "additional tax [was] assessed by examination" in the amount of $36,036.00. (Docket Entry No. 1, Ex. 1). The following notations appear immediately after that entry: "legal suit no longer pending," dated January 4, 1988; "interest assessed on addi-

tional tax" in the amount of $43,560.20, dated February 8, 1988; and "lien," dated September 22, 1988. This lien notation was made only eight days after the IRS filed the disputed NFTLs. On May 5, 1986, identified in the NFTL as the date of assessment for the 1980 tax year, the transcript also shows a notation for "additional tax assessed by examination," but in the amount of $0.00. (*Id.*).

■ Given both the timing of the tax court decision and the certificate of transcript for tax year 1980, this court finds that defendants have raised no genuine issue of material fact[4] as to the date of assessment for the 1980 tax deficiency. The government is entitled to reduce this deficiency to judgment as it is not barred by limitations.

The transcript for 1981 shows that on February 29, 1988, an "additional tax [was] assessed by examination" in the amount of $4,116.00. (Docket Entry No. 1, Ex. 2). Immediately before this entry is the notation, dated January 4, 1988, that the "legal suit [was] no longer pending." Following this entry are the following notations: "interest assessed on additional tax" in the amount of $4,010.02, dated February 29, 1988; and "lien," dated September 22, 1988. This lien notation was made eight days after the IRS filed the disputed NFTL. However, the 1981 transcript also shows "an advance payment of examination deficiency" on March 4, 1983, in the amount of $1,007.00. (*Id.*). On May 16, 1983, one of the dates of assessment iden-

---

**3.** This "window" is a result of two Tax Code commands: 1) the tax court's decision does not become final until expiration of a 90–day appeal period, *see* 26 U.S.C. §§ 7481(a)(1), 7483; and 2) the IRS must assess the taxes within sixty days after the tax court's decision becomes final. *See id.* § 6503(a)(1). For this "window" to be available, the statute of limitations for assessment must not have expired prior to the filing of the petition in tax court. *See Doerge*, 181 B.R. at 363. In this case, defendants admit that this condition has been satisfied. (Docket Entry No.13, Ex. 9, p. 10).

**4.** "[W]hen a district court denies summary judgment on the basis that there exist genuine

issues of material fact, the district court is actually making two separate conclusions: 'First, the court has concluded that the issues of fact in question are genuine, i.e., the evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party. Second, the court has concluded that the issues of fact are material, i.e. resolution of the issues might affect the outcome of the suit under governing law.'" *Lemoine v. New Horizons Ranch and Center, Inc.*, 174 F.3d 629, 633 (5th Cir.1999) (quoting *Colston v. Barnhart*, 146 F.3d 282 (5th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 618, 142 L.Ed.2d 557 (1998)).

tified in the NFTL for the 1981 tax year, the transcript shows that there was "additional tax assessed by examination," for the same amount—$1,007.00. (*Id.*). This date of assessment is corroborated by the Form 4340 for the 1981 tax year, which shows an "audit deficiency" in the amount $1,007.00, dated March 4, 1983, with an assessment date listed as May 16, 1983. This deficiency would be uncollectible under 26 U.S.C. § 6502, because the May 16, 1983 assessment date precedes the filing of this collection suit by more than ten years.

The government does not disclose the basis of the $1,007.00 deficiency shown on the transcript that the government urges is the most reliable evidence of the dates of assessment. This court cannot determine whether this deficiency is part of, or separate from, the $4,116.00 audit deficiency noted on June 28, 1983 and assessed on February 29, 1988. As a result, the defendants have successfully raised a fact issue as to the relevant date of assessment for the 1981 tax deficiency.

## II. Conclusion

This court concludes that, aside from the 1981 tax deficiency, defendants have not created a fact issue that could overcome the presumption of validity afforded to the government's evidence. This court GRANTS the government's motion for summary judgment as to defendants' tax liability for the 1980, 1988, and 1991 tax years. This court DENIES summary judgment as to defendants' liability for tax year 1981. The government is to submit within ten days a proposed order reducing to judgment defendants' tax liability for tax years 1980, 1988, and 1991. Docket call for the remaining issue is set for August 27, 1999, in Courtroom 11–B at 2:00 p.m. The Joint Pretrial Order is due by August 20, 1999.