BYE, Circuit Judge,
dissenting.
I disagree that Revenue Ruling 83-183’s interpretation of § 6013 is an unreasonable interpretation. Instead, for purposes of § 6013, I believe it is reasonable to construe any non-joint returns, including head-of-household returns, as separate returns. I therefore respectfully dissent.
As the Supreme Court provided in En-gle, the duty of an appellate court in interpreting statutory language is “to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested.” Comm’r v. Engle, 464 U.S. 206, 217, 104 S.Ct. 597, 78 L.Ed.2d 420 (1984) (internal citations omitted). The majority concludes because Ibrahim’s head-of-household return does not constitute a separate return within the meaning of § 6013(b)(1), § 6013(b)(2)(B) does not prohibit him from amending his status to married filing jointly and he is entitled to the resulting credit and refund under § 6511.
When Congress created § 6013(b)(1) and § 6511, it created a two-step process — step one is to amend to a joint return under § 6013(b)(1) and step two is then to use that joint return as the operative return to seek a credit or refund under § 6511. Congress also provided in § 6013(b)(3)(B) when a joint return is deemed filed for purposes of § 6511 and its period of limitation. What is lacking from the majority’s conclusion is support for the first step of the analysis — how the Code provides, without the operation of § 6013(b)(1), the ability of Ibrahim to amend his return to married filing jointly or when his amended joint return, which in this case would also implicate his spouse, was deemed filed for purposes of § 6511. Ibrahim also fails to cite applicable Code provisions on appeal. If Congress intended for taxpayers to skip the first step of amending and simply seek a credit or refund under § 6511, it begs the question as to why Congress would have created § 6013(b)(1) at all. Moreover, the Supreme Court has recognized the Code does not generally “provide either for a taxpayer’s filing, or for the Commissioner’s acceptance, of an amended return; instead, an amended return is a creature of administrative origin and grace.” Badaracco v. Comm’r, 464 U.S. 386, 393, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984). In the case of amending to a joint return, however, Congress specifically created § 6013(b)(1) for taxpayers.
Further, since there is no Code provision other than § 6013(b)(1) which allows for the amendment to a joint return, then, under the majority’s interpretation, § 6013(b)(1) would operate as a narrow exception available to only those taxpayers who initially filed a married filing separately return to amend their returns. Any individual who initially files anything other than a married filing separately return would be excluded from the protections for amending afforded by § 6013(b)(1). This narrow interpretation does not support Congress’s purpose in creating § 6013(b)(1), which was to provide a means for taxpayers to amend their returns to joint returns to escape adverse financial consequences. Glaze v. United States, 641 F.2d 339, 342 (5th Cir.1981). A more inclusive interpretation of an “individual [who] has filed a separate return” within § 6013(b)(1) does, however, serve Congress’s purpose and would have allowed Ibrahim to amend his head-of-household return to a joint return if he had not fallen within § 6013(b)(2)(B). Without reading § 6013(b)(1) to have a more expansive reach, taxpayers are therefore left without the mechanism Congress created to amend *842 their returns to married filing jointly. The IRS’s interpretation in Revenue Ruling 83-183 is consistent with the Congressional purpose and provides the opportunity for a greater number of taxpayers to amend to a joint return.
Additionally, the way in which Congress drafted § 6013(b)(1) bolsters this conclusion. Although the Code includes “separate return”' in numerous locations, see ante at 837-38, in the locations which include a phrase similar to that found in § 6013(b)(1), all of those locations except two, including in § 6013(b)(1), include a qualifier prior to the word “individual” which indicates it is a “married individual” who is filing the separate return. By contrast, § 6013 merely includes the word “individual.” As used elsewhere in the Code, “individual” connotates a broader meaning and includes both those who are married and unmarried. See 26 U.S.C. § 6012(a). Further, the filing status of “married filing separately” is defined as “married individuals filing separate returns,” not “individuals filing separate returns.” 26 U.S.C. § 1(d).
Moreover, the majority’s reliance on the Internal Revenue Manual (IRM) to interpret § 6015(d)(3)(a), the other section which references individuals rather than married individuals filing separate returns, is misplaced. Although the IRM interprets this phrase as a “married filing separate return,” “[i]t is universally held that the IRM does not have the force of law, does not confer rights on taxpayers, and is not binding on the IRS in litigation with taxpayers.” United States v. Meisner, No. 8:05CV100, 2007 WL 1290088, at *7 (D.Neb. May 2, 2007) (citing Fargo v. Comm’r, 447 F.3d 706, 713 (9th Cir.2006); Qureshi v. United States, 67 Fed.Cl. 783, 788 (2005); Carlson v. United States, 126 F.3d 915, 922 (7th Cir.1997); Groder v. United States, 816 F.2d 139, 142 (4th Cir.1987); United States v. Home, 714 F.2d 206, 207 (1st Cir.1983); United States v. Will, 671 F.2d 963, 967 (6th Cir.1982); Wood v. Comm’r (In re Wood), 328 B.R. 880, 887-88 (Bankr.S.D.Fla.2005); Cennamo v. United States (In re Cennamo), 147 B.R. 540, 543 (Bankr.C.D.Cal.1992)). Provisions contained in the IRM “only govern the internal affairs of the Internal Revenue Service.” United States v. McKee, 192 F.3d 535, 540 (6th Cir.1999) (internal quotation marks omitted).
The IRM’s interpretation of the phrase in § 6015(d)(3)(A) also conflicts with the IRS’s interpretation of the phrase in Revenue Ruling 83-183. Unlike provisions of the IRM, revenue rulings are the “I.R.S.’s official interpretation about how the laws apply to a set of facts[,]” Peterson v. United States, 6 Fed.Appx. 547, 549 (8th Cir.2001), and “[ajlthough [they] do not have the force of law, they are entitled to respectful consideration, and are to be given weight as expressing the studied view of the agency whose duty it is to carry out the statute,” North Dakota State University v. United States, 255 F.3d 599, 603 n. 6 (8th Cir.2001) (internal quotation marks omitted). Moreover, the IRS considers revenue rulings as “authoritative and binding.” Bankers Life and Cas. Co. v. United States, 142 F.3d 973, 978 (7th Cir.1998); see also 26 C.F.R. § 601.201. Consequently, more weight should be given to the interpretation found in Revenue Ruling 83-183 than the provision cited by the majority in the IRM because it is a revenue ruling which interprets the specific Code section at issue in this case.
Lastly, I also disagree with the majority’s conclusion that the Code consistently uses “separate return” to exclusively mean “married filing. separately.” In § 7703(b)(1), the Code references “an individual who is married ... and who files a separate return.” If “separate return” refers solely to the status of “married filing separately,” it would be superfluous for *843 the subsection to indicate the individual is also married; instead, the subsection would merely need to read “an individual who files a separate return.”
For these reasons, I would affirm the decision of the Tax Court,
Appendix
“Separate return” appears in: IRS Interpretation:_
§ 21(e)(4); § 129(a)(2)(A), (C) 2014 Instructions for Form 2441, “Child and Dependent Care Expenses,” at 2, available at http://www.irs.gov/pub/irs-pdf/i2441.pdf (“If your filing status is married filing separately and all of the following apply, you are considered unmarried . . .”). See also 2014 IRS Pub. 503, “Child and Dependent Care Expenses,” at 4, available at http://www.irs.gov/pub/irs-pdf/p503.pdf (credit unavailable to taxpayers with married-filing-separately status). [§ 21(e)(4) contains same language as § 7703(b).]
§ 22(e)(2)(A)(iii), (d)(3) 2014 IRS Pub. 524, “Credit for the Elderly or the Disabled,” at 5, 6, 7, 9, available at http://www.irs.gov/pub/irs-pdf/p524.pdf (differentiating “head of household” from “married filing separately”)
§ 24(b)(2) 2014 IRS Pub. 17, at 22, 221, available at http://www.irs.gov/pub/irs-pdf/p17.pdf (“If you choose married filing separately as your filing status,” then “the child tax credit” is “reduced at income levels half those for a joint return,” and “Married filing separately — $55,000”); 2014 IRS Pub. 972, “Child Tax Credit,” at 3, available at http://www.irs.gov/pub/irs-pdf/p972.pdf (differentiating “head of household” from “married filing separately”)
§ 25A(g)(6) 2014 IRS Pub. 17, at 22, 223, available at http://www.irs.gov/pub/irs-pdf/p17.pdf (cannot claim credit if “[y]our filing status is married filing separately”); 2014 IRS Pub. 970, “Tax Benefits for Education,” at 22, available at http://wwww.irs.gov/pub/irs-pdf/p970.pdf (Cannot claim lifetime learning credit if “[y]our filing status is married filing separately”).
§ 35(g)(5)(C) 2014 IRS Pub. 5121, “Affordable Care Act: Individuals & Families,” at 2, available at http://www.irs.gov/pub/irs-pdf/p5121.pdf (eligible for credit if you “do not file a _Married Filing Separately return”)
§ 38(c)(6)(A) 2014 Instructions for Form 3800, “General Business Credit,” at-3, available at http://www.irs.gov/pub/irs-pdf/i3800.pdf (“See section 38(c)(6) for special rules that apply to married couples filing separate returns”)
§ 55(b)(l)(A)(iii) 2014 Instructions for Form 6251, “Alternative Minimum Tax-Individuals,” at 1, 9, available at http://www.irs.gov/ pub/irs-pdf/i6251.pdf (“if married filing separately”)
§ 63(e)(6)(A), (e)(3) 2014 IRS Pub. 17, at 139, available at http://www.irs.gov/pub/irs-pdf/p17.pdf (“Your filing status is married filing separately, and your spouse itemizes deductions on his or her return ”)
§ 68(b)(1)(D) 2014 IRS Pub. 17, at 201, available at http://www.irs.gov/pub/irs-pdf/p17.pdf (itemized deduction limit lower “if married filing separately”)
§ 135(d)(3) 2014 IRS Pub. 970, “Tax Benefits for Education,” at 64, available at http://www.irs.gov/pub/irs-pdf/p970.pdf (“Your filing status is not married filing separately”)
*844 § 151(d)(3)(B) 2014 IRS Pub. 17, at 25, available at http://www.irs.gov/pub/irs-pdf/p17.pdf (differentiating “head of household” from “married individual filing a separate return”)
§ 163(h)(4)(A)(ii) 2014 IRS Pub. 936, “Home Mortgage Interest Deduction,” at 2-4, available at http://www.irs.gov/pub/irs-pdf/p936.pdf (“Separate returns. If you are married filing separately”)
§ 165(i )(5)(B)(ii) 2014 IRS Pub. 547, “Casualties, Disasters, and Thefts,” at 4, available at http://www.irs.gov/pub/irs-pdi/p547.pdf (“if you are married filing separately”)
§ 179(b)(4) 2014 IRS Pub. 946, “How to Depreciate Property,” at 20, available at http://www.irs.gov/pub/irs-pdf/p946.pdf (“If you are married, how you figure your section 179 deduction depends on whether you file jointly or separately.”)
§ 194(b)(1)(B)(ii) 2014 IRS Pub. 535, “Reforestation Expenses,” at 24, available at http://www.irs.gov/pub/irs-pdf/p535.pdf (“if married filing separately”)
§ 219(g)(3)-(4) 2014 IRS Pub. 17, at 123, available at http://www.irs.gov/pub/irs-pdi/p17.pdf (differentiating “married filing separately” from “head of household”)
§ 222(d)(4) 2014 IRS Pub. 970, “Tax Benefits for Education,” at 38, available at http://www.irs.gov/pub/irs-pdf/p970.pdf (cannot claim the tuition and fees deduction if “[y]our filing status is married filing separately”)
§ 408A(c)(3)(B)(ii) 2014 IRS Pub. 590-A, “Contributions to Individual Retirement Arrangements (IRAs),” at 39, 42, available at http://www.irs.gov/pub/irs-pdi/p590a.pdf (differentiating “married filing separately” and living with spouse from “head of household”)
§ 469(i)(5) 2014 IRS Pub. 925, “Passive Activity and At-Risk Rules,” at 4, available at http://www.irs.gov/pub/irs-pdf/p925.pdf (“if you are married filing separately”)
§ 911(d)(9)(B) 2014 IRS Pub. 54, “Tax Guide for U.S. Citizens and Resident Aliens Abroad,” at 8, available at http://www.irs.gov/pub/irs-pdf/p54.pdf (“if you are married and file separately”)
§ 1044(b)(3)(A) 2014 IRS Pub. 17, at 109, available at http://www.irs.gov/pub/irs-pdf/p17.pdf (“if married filing separately”)
§ 1202(b)(3)(A) 2014 IRS Pub. 550, “Investment Income and Expenses,” at 67, available at http://www.irs.gov/pub/irs-pdf/p550.pdf (“for married individuals filing separately”)
§ 1211(b)(1) 2014 IRS Pub. 17, at 22, available at http://www.irs.gov/ pub/irs-pdf/p17.pdf (capital loss deduction limit for married filing separately status); 2014 Instructions for Schedule D, “Capital Gains and Losses,” at D-3, available at http://www.irs.gov/pub/irs-pdf/il040sd.pdf (“if married filing separately”)
§ 1398(c) 2014 IRS Pub. 908, “Bankruptcy Tax Guide,” at 7, available at http://www.irs.gov/pub/irs-pdf/p908.pdf (“for a married individual filing separately”)
§ 1401(b)(2)(A) IRS, “Topic 554-Self-Employment Tax,” available at http://www.irs.gov/taxtopics/tc554.html (“for a married individual filing a separate return”)
§ 1411(b) IRS, “Questions and Answers on the Net Investm'ent Income Tax,” available at http://www.irs.gov/uac/ Newsroom/Net-Investment-Income-Tax-FAQs (differen *845 tiating “married filing separately” from “head of household”)
§ 3101(b)(2)(B) IRS, “Affordable Care Act Tax Provisions,” available at http://www.irs.gov/Affordable-Care-Act/Affordable-Care-Act-Tax-Provisions (“for married taxpayers who file separately”)
§ 6015(d)(3)-(4) IRS Manual, “Relief from Joint Liability,” § 25.15.1.2.3 and .4, available at http://www.irs.gov/irm/part25/irm_25-015-001.html (“The account should be adjusted to reflect a married filing separate return being filed by both spouses.”). [Like § 6013(b)(1), this section uses the term “individual” without using the term “married.”]