UNITED STATES of America, Plaintiff,

v.

Jean A. THARP, et al., Defendants.

Civ. A. No. 93–30275/LAC.

United States District Court,
N.D. Florida,
Pensacola Division.

Jan. 30, 1995.

Philip Doyle, U.S. Dept. of Justice, Washington, DC, for plaintiff.

Jean A. Tharp, Pensacola, FL, for defendants.

John F. Windham, Beggs & Lane, Pensacola, FL, for Barnett Bank.

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT

COLLIER, District Judge.

Plaintiff (the Government) brought this action to recover unpaid income taxes for the tax years 1975, 1976, 1977, 1978, 1979, and 1980. The Government seeks to set aside allegedly fraudulent transfers of real and personal property; to foreclose federal tax liens on the fraudulently transferred property; and to obtain judgment for any tax liability not satisfied by the foreclosure. The Government now moves for partial summary judgment solely on the issue of the amount of Defendant Tharp's tax liability. For the reasons below, the court grants the Government's motion and concludes Tharp's tax liability was properly assessed at $210,917.60.

#### Discussion

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). At this juncture, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). All evidence and reasonable factual inferences must be viewed against the party seeking summary judgment. *Jeter v. Credit Bureau,* 760 F.2d 1168, 1170 (11th Cir.1985).

The government argues summary judgment is appropriate on the issue of Tharp's tax liability because the undisputed facts show Tharp's tax liability was validly assessed at $210,917.60. In support, the Government submits six original Internal Revenue Service (IRS) documents each entitled, "CERTIFICATE OF ASSESSMENTS AND PAYMENTS." Each is signed by an IRS officer, and when added together, they amount to a total assessed tax liability of $210,917.60. Tharp has submitted no evidence to contradict the Government's showing. Thus, the question before this court is whether these IRS "Certificates of Assessments and Payments" are sufficient to establish the amount of Tharp's tax liability for summary judgment purposes.

The Eleventh Circuit answered that question affirmatively in *United States v. Chila,* 871 F.2d 1015, 1017–1018 (11th Cir.1989), *cert. denied* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989). There, the court affirmed a summary judgment order finding a valid tax assessment based on an IRS "Certificate of Assessments and Payments." *Id.* The court reasoned the IRS document constitutes presumptive proof that the tax assessment was made in the manner prescribed by IRS statutes and regulations. *Id.* (*citing* 26 U.S.C. 6203; 26 C.F.R. 301.6203–1). Similarly, in *United States v. Dixon,* 672 F.Supp. 503, 506 (M.D.Ala.1987), *aff'd* 849 F.2d 1478 (11th Cir.1988), the court granted summary judgment on the validity of a tax assessment when the only evidence introduced was an IRS "Certificate of Assessments and Payments." The court held:

> Accordingly, this Court accepts the document "Certificate of Assessments and Payments" submitted by the Government as presumptive proof of a valid assessment. Given that the defendant has produced *no* evidence to counter this presumption, the Court is satisfied that the Government has established that the claimed tax liability was properly assessed against the defendant.

*Id.*

In the instant case, Defendant Tharp has likewise failed to produce evidence to counter

the Government's "Certificates of Assessments and Payments." Based on the above authorities, the court concludes the tax assessment against Tharp is valid, and Tharp is indebted to the United States in the amount of $210,917.60.

Accordingly, the Government's motion for partial summary judgment is **GRANTED.**