**In re Arno J. BERTELT, Debtor.**

**Arno J. BERTELT, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 94–4910–8G3.
Adv. No. 95–381.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 17, 1996.

Arno J. Bertelt, Tampa, FL, pro se.

John A. Galotto, U.S. Department of Justice, Ben Franklin Station, Washington, DC, for Defendant.

## ORDER GRANTING MOTION BY UNITED STATES FOR SUMMARY JUDGMENT

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Motion for Summary Judgment filed by the United States of America (the United States) in this adversary proceeding. Arno J. Bertelt (the Debtor) commenced the adversary proceeding by filing a Complaint to Determine Validity and Extent of Liens on May 24, 1995. In his Complaint, the Debtor alleges that the Internal Revenue Service filed three separate Notices of Federal Tax Liens with the Clerk of the Circuit Court of Hillsborough County, Florida, in 1994, pursuant to which the United States asserts a lien on the Debtor's real and personal property for taxes claimed for 1988, 1989, 1990, and 1991. The Debtor contends that the Notices are procedurally defective and therefore did not create a lien on his property. The Debtor seeks a determination that no liens exist on his property as a result of the defective Notices.

The United States answered the Complaint and denied the material allegations.

The Debtor resides in Hillsborough County, Florida. Three separate Notices of Federal Tax Lien ("Notices") were filed by the United States with the Clerk of the Circuit Court of Hillsborough County, Florida:

1. On February 11, 1994, a Notice of Federal Tax Lien was filed for taxes due for 1988 and 1989 in the total amount of $17,709.18.

2. On April 13, 1994, a Notice of Federal Tax Lien was filed for taxes due for 1990 in the amount of $1,112.64.

3. On April 19, 1994, a Notice of Federal Tax Lien was filed for taxes due for 1990 and 1991 in the amount of $2,650.11.

Each of the Notices was signed by Van E. O'Neal, a revenue officer, "for J. Scharra." The Notices do not show a certificate of an officer authorized by law to take acknowledgments.

The Debtor contends that the Notices are defective because (1) they were not certified as required by Florida Statute § 713.901(4); (2) they were signed only by a "revenue officer," who is not an authorized person to sign such Notices under 26 U.S.C. § 7608(b); (3) the Debtor never received a notice of deficiency or demand for payment of the taxes, which are conditions to the filing of a notice of federal tax lien pursuant to 26 U.S.C. § 6155 and 26 U.S.C. § 6303; and (4) the liens were not filed with Florida's Secretary of State, as required by Florida Statute § 679.401(3)(c) and 26 U.S.C. § 6323(f).

In its Motion for Summary Judgment, the United States contends that a Certificate of Assessments and Payments generated by the Internal Revenue Service is presumptive proof of a valid assessment, and that such a Certificate is also prima facie evidence that the United States sent a notice of the assessment and a demand for payment to the taxpayer. The United States attached Certificates of Assessments and Payments to its Motion which reflect income taxes due from the Debtor for 1988, 1989, 1990, and 1991. The United States also attached the Declaration of Ray Zacek, a Revenue Officer, with transcripts reflecting civil penalties assessed against the Debtor. The United States further contends that the Notices were properly filed because: (1) Section 6323(f) of the Internal Revenue Code provides that such notices should be filed in the office designated by the state in which the taxpayer resides; (2) in Florida, the state of the Debtor's residence, the Florida Uniform Federal Lien Registration Act provides that a Notice of Federal Tax Lien shall be filed with the Clerk of the Circuit Court of the county in which the taxpayer's property is located, if the property subject to the lien is real property, or the Clerk of the Circuit Court of the county in which the taxpayer resides, if the

property subject to the lien is personal property; and (3) the allegations that the Notices of Lien are "uncertified" and not filed with the Secretary of State are immaterial because Section 6323(f) of the Internal Revenue Code provides that such notices of lien are valid despite other laws regarding the form or content of the notice.

### Summary Judgment

Summary Judgment is appropriate is "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c), incorporated by Fed.R.Bankr.P. 7056.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e), incorporated by Fed.R.Bankr.P. 7056.

### Discussion

This case involves the validity and extent of federal tax liens. 26 U.S.C. § 6321 provides:

**§ 6321. Lien for taxes**

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The lien in favor of the United States under 26 U.S.C. § 6321 is a statutory lien which arises when the taxpayer fails or refuses to pay a tax after demand. *In re May Reporting Services, Inc.*, 115 B.R. 652, 655–56 (Bankr.D.S.D.1990). A federal tax lien upon a delinquent taxpayer's property is created on the date of assessment. *In re May*, 115 B.R. at 656. "The only prerequisites to a valid lien are for the Government to

satisfy the notice requirement set forth at Section 6303(a), 26 U.S.C., and properly demand payment." *In re Boch*, 154 B.R. 647, 652 (Bankr.M.D.Penn.1993). To create a valid tax lien under § 6321, it is only necessary that the person liable for the tax neglect or refuse to pay after the Internal Revenue Service has made a demand for payment. The lien that arises under § 6321 is valid as between the Internal Revenue Service and the taxpayer.

To perfect the lien imposed by § 6321 as against certain third persons, 26 U.S.C. § 6323(a) provides that a notice of the lien must be filed. That section provides:

**§ 6323. Validity and priority against certain persons**

**(a) Purchases, holders of security interests, mechanic's lienors, and judgment lien creditors.**—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

26 U.S.C. § 6323(f), which sets forth the procedures for filing the notice, provides:

**(f) Place for filing notice: form.—**

**(1) Place for filing.**—The notice referred to in subsection (a) shall be filed—

**(A) Under State laws.—**

**(i) Real property.**—In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; and

**(ii) Personal property.**—In the case of personal property. whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated, except that state law merely conforming to or reenacting Federal law establishing a national filing system does not

constitute a second office for filing as designated by the laws of such State;

. . . . .

**(3) Form.**—The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. *Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.*

(emphasis supplied).

■ Because the federal tax lien is derived from a federal statute, federal law establishes the form and content for a sufficiently filed notice. *In re Cennamo,* 147 B.R. 540, 543 (Bankr.C.D.Cal.1992). Federal law also controls the effect to be given a notice filed by the Internal Revenue Service. *See In re May Reporting Services,* 115 B.R. at 658 ("when an IRS tax lien is involved, federal law, specifically I.R.C. § 6323, outlines rights of private creditors as to the tax lien.") In *United States v. Feinstein,* 717 F.Supp. 1552, 1556 (S.D.Fla.1989), the District Court stated:

> Once a proper Notice of Federal Tax Lien is filed, the lien is valid against a subsequent purchaser of the encumbered property, provided that the purchaser is given notice of the encumbrance. Section 6323(a) of the Internal Revenue Code. The requirements for proper notice of a Federal Tax Lien are set forth in Section 6323(f) of the Internal Revenue Code and are a matter of federal law. (footnote omitted.)

■ The policy underlying § 6323 corresponds to the policy underlying the notice required in general commercial practice. "Modernized by the Federal Tax Lien Act of 1966, the tax lien noticing system attempts to conform federal tax lien provisions to the U.C.C.'s concepts." *Id.* at 656. Generally, a tax lien is valid as between the Internal Revenue Service and the taxpayer. The validity of a tax lien against creditors of the taxpayer parallels commercial lending's policy of providing notice to third parties of an existing lien. *Id.* Notice is the key, and § 6323 adheres to the notice systems implemented by the states. "Notice of a federal tax lien protects would-be purchasers and

others against secret liens in the government's favor." *Id.*

■ Consistent with the policy of the statute to provide notice of an existing tax lien to persons who deal with the taxpayer, and also consistent with the practice in state systems, technical noncompliance with the statute generally does not affect the validity of the lien, provided adequate notice is given. "The purpose of the NFTL (notice of federal tax lien) is to give constructive notice, and where there is such notice, a minor defect in filing will be overlooked." *In re Cennamo,* 147 B.R. at 543. In *Cennamo,* therefore, the Court found that a "NFTL" provided sufficient notice to the debtors of the existence of the tax liability, even though it contained an erroneous assessment date, and therefore concluded that the notice was valid. *Id.* As expressly stated in § 6323(f)(3) quoted above, the federal law governing the form of a notice of federal tax lien supersedes any other law, including state law, relating to the content of such a notice. Additionally, the "Treasury Regulations provide that a NFTL shall be filed and the NFTL is valid notwithstanding any other provision of law regarding the form or content of a notice of lien." *In re Cennamo,* 147 B.R. at 543.

### Application

**A. Notice of Assessment and Demand for Payment.**

■ The Debtor contends that the Notices of Federal Tax lien filed in this case are not valid in part because he did not receive a notice of deficiency and demand for payment, which are prerequisites to the creation of a valid tax lien. In response, the United States filed seven separate Certificates of Assessments and Payments with its Motion for Summary Judgment. The Certificates reflect taxes due from the Debtor for 1988, 1989, 1990, and 1991. The Certificates show that assessments were made for these taxes, and show the dates on which the assessments were made. The Certificates also show that notices of the assessments and demands for payment were sent to the Debtor, and show the dates on which such notices and demands were sent.

■ The Certificates constitute presumptive proof that the taxes were validly assessed and that demand for payment was made.

> "A valid assessment pursuant to § 6203 may be established by a document entitled "Certificate of Assessments and Payments" (a "Form 4340") signed by an IRS officer." *Carroll v. Chivatero,* 1990 WL 118766, slip op. (N.D.Ohio 1990) (citations omitted).... Thus, such certificates of assessments and payments routinely are used in proving that tax assessments are made. *Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir.1992); *Geiselman [v. United States],* 961 F.2d [1] at 6 [1st Cir.1992]. Such certificates constitute presumptive proof of a valid assessment. See generally *United States v. McCallum,* 970 F.2d 66, 68 (5th Cir.1992)....
>
> The presumption of validity that attaches to assessments is not often rebutted by alleged defects in procedure....
>
> . . . . .
>
> In this case, the Government established its prima facie case of valid assessments by presenting presumptive proof in the form of Forms 4340.

*In re Boch,* 154 B.R. 647, 651–52 (Bankr. M.D.Penn.1993). See also *United States v. Chila,* 871 F.2d 1015 (11th Cir.1989); *United States v. Tharp,* 883 F.Supp. 652 (N.D.Fla. 1995); and *Bassett v. United States,* 782 F.Supp. 113 (M.D.Ga.1992).

The Debtor has not filed an affidavit or otherwise set forth any specific facts showing that there is a genuine issue for trial.

Accordingly, the liens in this case were not defective because of a lack of proper assessment and demand for payment.

## B. Execution and Certification of Notices.

■ The Debtor contends that the Notices were defective because they were not certified and were signed by an unauthorized representative of the United States. The Court concludes that the manner in which the Notices were executed does not affect the validity of the liens. As set forth above, the liens are valid liens as between the IRS and the Debtor, regardless of the Notices. Additionally, the Notices are effective to give notice of the liens to third parties. The policy of the federal statute regarding the filing of lien notices is to prevent secret liens and to provide notice of a tax lien to third parties who deal with the taxpayer. Consistent with this policy, § 6323(f)(3) specifically states that the notice shall be valid notwithstanding other laws relating to the form and content of the notices. *See* also *In re Cennamo, supra.* The Notices describe the taxpayer, the liens, the amounts of the liens, and the property subject to the liens. The Debtor has not shown that notice to third parties was inadequate, or that the actual Notices were defective in any way that would have impaired the provision of notice to any third party.

The law is accurately stated in Revenue Ruling 71–466:

> **(3)27 Acknowledgment of notices of tax liens ... would, therefore, not appear to be essential, inasmuch as there are no Federal statutory provisions specifically requiring acknowledgment of such instruments.**
>
> Section 6323(a) of the Code, which provides that a notice of lien shall not be valid unless filed in the office in which its filing is authorized by State law, does not purport to give a State authority to do more than designate a place for filing the notice. Section 6323(f)(3) of the Code, relating to the form and content of the notice, provides that the notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.

## C. Failure to file with the Secretary of State.

■ Finally, the Court concludes that the United States properly filed the Notices with the Clerk of the Circuit Court of Hillsborough County, and that the United States was not required to file the notices with Florida's Secretary of State. As set forth above, Section 6323(f)(1) provides that notices of federal tax liens shall be filed in accordance with state law. In Florida, § 713.901 of the Florida Statutes is known as the Florida Uniform

Federal Lien Registration Act. That section states:

**§ 713.901. Florida Uniform Federal Lien Registration Act.**

.　　.　　.　　.　　.

(3) Place of Filing.

.　　.　　.　　.　　.

(b) Notices of liens upon real property for obligations payable to the United States, and certificates and notices affecting the liens, shall be filed in the office of the clerk of the circuit court of the county in which the real property subject to the liens is situated. . . .

(c) Notices of federal liens upon personal property, whether tangible or intangible, for obligations payable to the United States, and certificates and notices affecting the liens, shall be filed as follows:

.　　.　　.　　.　　.

4. In all other cases, in the office of the clerk of the circuit court of the county where the person against whose interest the lien applies resides at the time of filing the notice of lien.

In this case, the United States filed its notices with the Clerk of the Circuit Court in the county where the Debtor resides and where his property is located. The United States therefore complied with 26 U.S.C. § 6323(f) and Florida Statute § 713.901.

There is no requirement that the notices be filed with Florida's Secretary of State. The authority cited by the Debtor for the proposition that notices must be filed with the Secretary of State is Florida Statute § 679.401(3)(c) [sic]. Section 679, however, is contained in Florida's Uniform Commercial Code, and Section 679.102, which relates to the policy and subject matter of the chapter, expressly states:

**679.102 Policy and subject matter of chapter.—**

.　　.　　.　　.　　.

(2) This chapter applies to security interests *created by contract* including pledge, assignment, chattel mortgage, chattel trust, trust deed, factor's lien, equipment trust, conditional sale, trust receipt, other lien or title retention contract and lease or assignment intended as security. *The chapter does not apply to statutory liens except as provided in s. 679.310.*

(emphasis supplied).

The liens at issue in this case are statutory liens arising under 26 U.S.C. § 6321. Consequently, § 679.401 of the Florida Statutes, as cited by the Debtor, is specifically not applicable. The notices were properly filed with the clerk of the circuit court.

### Motion to Strike Declaration

 The United States filed the Declaration of Ray Zacek, a Revenue Officer, in support of its Motion for Summary Judgment, and the Debtor filed a Motion to Strike the Declaration. In his written Motion, the Debtor asserted that the Declaration was not an "affidavit" within the meaning of Rule 56 of the Federal Rules of Civil Procedure, and therefore was not a permitted form to present evidence. The United States contends that the declaration is permitted under 28 U.S.C. § 1746, which provides:

Wherever, under any law of the United States or under any rule, . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

. . . (2) If executed within the United States . . .: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)."

The Court finds that the Declaration of Ray Zacek is permitted under 28 U.S.C. § 1746.

### Standing of the Defendant

 In his Response to Defendant's Motion for Summary Judgment, the Debtor

states "[t]hat the United States of America is not a proper party to these proceedings." (Response, paragraph 6). Additionally, at the hearing the Debtor contended that the notices of lien were filed by the Department of Treasury—Internal Revenue Service, which the Debtor apparently asserts is separate from the United States. Because of the distinction, the Debtor claims that the United States should be prohibited from appearing, since it is not the entity that filed the liens.

This contention is without merit. The Debtor named the "United States of America" as the defendant in this adversary proceeding, and alleged in paragraph 2 of his Complaint that "Defendant, United States of America, at all times herein mentioned acted by and through its Department of the Treasury and/or the Internal Revenue Service (I.R.S.)." It is simply groundless for the Debtor to argue that the defendant he has named in this adversary proceeding does not have standing in the proceeding.

Further, the chapters of the Internal Revenue Code regarding the assessment and collection of the tax imposed under Section 1 of the Code clearly grant the Department of the Treasury the authority to take action to assess and collect taxes. Relevant provisions of the Internal Revenue Code provide, for example:

§ 6201. Assessment authority

(a) Authority of Secretary.—The Secretary [of the Treasury] is authorized and required to make the inquiries, determination, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. . . .

§ 6301. Collection authority

The Secretary [of the Treasury] shall collect the taxes imposed by the internal revenue laws.

§ 6321. Lien for taxes

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien *in favor of the United States* upon all property and rights to property, whether real or personal, belonging to such person.

(emphasis supplied).

Consequently, although the tax is payable to the United States and the lien arises in favor of the United States, the assessment and collection of the tax is undertaken by the Department of the Treasury, which is an Executive department of the United States government pursuant to 5 U.S.C. § 101.

### Conclusion

The Debtor filed the Complaint to determine the validity and extent of the liens on his property. This adversary proceeding does not involve any of the avoiding powers of a trustee under any other section of the Bankruptcy Code, and the Debtor is not presumed to have the rights of any special class of creditors or purchasers, either hypothetical or otherwise.

For the reasons expressed in this Order, the Court concludes that the federal tax liens at issue in this case were validly created and arose as of the dates of the demands for payment upon all property and rights to property, whether real or personal, belonging to the Debtor. Further, the Court concludes that the three Notices were properly filed by the United States and perfected the liens described in each Notice as of the date each Notice was filed, to the full extent provided in each Notice, upon the Debtor's real and personal property located in Hillsborough County, Florida.

Accordingly,

**IT IS ORDERED** that:

1. The Motion to Strike Declaration of Defendant's Motion by United States for Summary Judgment, filed by Arno Bertelt, is denied.

2. The Motion by United States for Summary Judgment is granted, and the United States is determined to have valid, perfected liens on the Debtor's real and personal property to the full extent provided in the Notices of Federal Tax Lien filed by the United States on February 11, 1994, April 13, 1994, and April 19, 1994, with the clerk of the Circuit Court of Hillsborough County, Florida.

3. A separate final judgment will be entered consistent with this opinion.