**Leland Gail RIDENBAUGH, Plaintiff,**

**v.**

**Bryan LONG, et al., Defendants.**

**No. 02–CV–98.**

United States District Court,
S.D. Ohio,
Eastern Division.

Sept. 5, 2002.

Leland Gail Ridenbaugh, Newark, OH, Pro se.

Dennis E. Dove, Newark, OH, Joseph L. Meadows, Department of Justice Tax Division, Washington, DC, Gregory Gordon Lockhart, United States Attorney's Office, Dayton, OH, for Defendants.

### OPINION AND ORDER

SARGUS, District Judge.

This matter comes before the Court for consideration of the Motion to Dismiss of Defendants John Gallagher, United States of America, and Department of the Treasury ("Federal Defendants"), (Doc. # 6), and the Motion for Summary Judgment of the Licking County Recorder, Bryan Long (Doc. # 9). The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the Federal Defendants' Motion is **GRANTED** and Defendant Long's Motion is **GRANTED**.

### I. BACKGROUND

*Pro se* Plaintiff, Leland Gail Ridenbaugh, filed this case in state court seeking a declaratory judgment that a federal tax lien filed against him is invalid and seeking an injunction preventing enforcement of the lien. *Amended Complaint*, p. 2. The lien was filed on November 14, 2000, in Licking County, Ohio, for unpaid federal taxes. *Id.* Ex. C.

The essence of Plaintiff's complaint appears to be that the lien was not entitled to be filed because it violated the Uniform Federal Lien Registration Act and the Internal Revenue Code. *Id.* Ex. B. Plaintiff claims that the lien violated federal law because it was not "certified." *Id.* Ex. B § 3.

Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a), (b), 1442 and 1444. The Federal Defendants then moved to dismiss this action and Defendant Long moved for summary judgment. *Memorandum in Support of United States Defendants' Motion to Dismiss ("Federal Defendant's Memorandum in Support")*; *Memorandum in Support of Defendant Long's Motion for Summary Judgment ("Defendant Long's Memorandum in Support")*.

Plaintiff failed to properly file either of his Memorandums in Opposition with the Court, faxing them to this Court's chambers. The Federal Defendants, however, replied to Plaintiff's Memorandum Contra. *United States' Reply to Plaintiff's Response to Motion to Dismiss*. Thus, there is clearly no prejudice to the Federal Defendants if the Court deems this document filed. Defendant Long, although not replying to Plaintiff's response to his motion for summary judgement, is nonetheless not prejudiced by Plaintiff's improper filing based on the Court's granting of Long's motion. Thus, the Court will deem Plaintiff's Memorandum Contra Defendant Long's Motion for Summary Judgment as filed.

### II. STANDARDS

The Federal Defendants move to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Long moves for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil.

### A. The Federal Defendants' Motion to Dismiss

A motion to dismiss based on Rule 12(b)(1) for lack of subject matter jurisdiction must be considered before a motion

brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir.1990). A Rule 12(b)(6) motion may be decided only after establishing subject matter jurisdiction since the Rule 12(b)(6) challenge becomes moot if this Court lacks subject matter jurisdiction. *Id.* (citing *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946) which asserts that a motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, since determination of the validity of the claim is, in itself, an exercise of jurisdiction).

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). A facial challenge is an attack on the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in a light most favorable to the nonmoving party. *Singleton v. United States,* 277 F.3d 864, 870 n. 4 (6th Cir.2002) (citing *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990)). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). Because Defendants do not dispute the sufficiency of the allegations in the pleadings, they present a factual challenge, as opposed to a facial challenge, to federal subject matter jurisdiction. *See generally RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134–35 (6th Cir.1996).

### B. Defendant Long's Motion for Summary Judgment

The procedure for considering whether summary judgment is appropriate is set forth in Federal Rule of Civil Procedure 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that part's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.* 886 F.2d 1472, 1476 (6th Cir.1989). The court in *Street* identifies a number of important principles in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby,* 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

## III. ANALYSIS

■ Initially, the Court notes that Plaintiff is proceeding *pro se.* The pleadings of a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Williams v. Browman,* 981 F.2d 901, 903 (6th Cir.1992). The Court has, therefore, viewed Plaintiff's claims pursuant to this less stringent standard.

The Court will address each of the defendants' motions in turn.

## A. The Federal Defendants' Motion to Dismiss

The Federal Defendants move to dismiss this action on the basis of sovereign immunity. Plaintiff does not challenge the dismissal of the Federal Defendants from this case. Instead, Plaintiff wishes to dismiss the Federal Defendants. Plaintiff states that:

> The plaintiff seeks no relief against the United States as he is not a U.S. Citizen, and for this cause no claim for relief need be stated as the United States lacks jurisdiction to grant the relief requested from the state of Ohio....

*Plaintiff's Memorandum Contra the Federal Defendants' Motion to Dismiss,* at 2. Plaintiff claims that when the Federal Defendants are voluntarily dismissed, the Court should remand the case to state court. In addition, Plaintiff expressed in the Rule 26(f) Report of the Parties that he "desires to dismiss the United States with prejudice and remand the action back to state court." (Doc. # 7).

■ Based on Plaintiff's request, the Federal Defendants are hereby dismissed from this case.[1] The Court, however, denies Plaintiff's request that this case be remanded.

■ The Court would have the discretion to remand this case if the federal claim that formed the basis of this Court's

---

1. The Court further notes that the Federal Defendants would likely be dismissed from this case whether or not Plaintiff voluntarily did so. It is well settled that under its sovereign immunity, the United States is ordinarily immune from suit, and that it may define the conditions under which it will permit actions against it. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Clay v. United States,* 199 F.3d 876, 879 (6th Cir.1999). It is the burden of the party who institutes a claim against the United States, here Plaintiff, to allege an act of Congress that authorizes the Court to entertain that specific claim. *Malone v. Bowdoin,* 369 U.S. 643, 645, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). Plaintiff has not attempted to show the Court what act of Congress authorizes this suit against the Untied States.

federal question jurisdiction were to be dismissed. More specifically, the Court has discretion to determine whether or not to retain, remand,[2] or dismiss without prejudice the supplemental state law claims. *Long v. Bando Mfg. of Am., Inc.*, 201·F.3d 754, 761 (6th Cir.2000) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) and 28 U.S.C. § 1367(c)). But in this case, the federal claim that forms the basis of the Court's jurisdiction has not been dismissed. Plaintiff alleges violations of the Uniform Federal Lien Registration Act of 1978 and the Internal Revenue Code, 26 U.S.C. § 6065. *Complaint*, Exs. C and D. The Internal Revenue Code is a federal statute. Consequently, this Court retains federal question jurisdiction in this case under 28 U.S.C. § 1331.[3] Further, the effect of a tax lien in relation to provisions of federal law for collection of debts owing to the United States is always a federal question. *United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 88 n. 7, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963).

## B. Defendant Long's Motion for Summary Judgment

Defendant Long moves for summary judgment arguing that the Uniform Federal Lien Registration Act ("UFLRA") does not apply to this action and that the controlling statute does not require certification of a notice of federal tax lien. Plaintiff argues that the tax lien filed against his property is a fraud and unenforceable because it is uncertified, as required by

Section 3 of the UFLRA. *Complaint*, Ex. B.

■ Initially, the Court notes that Defendant is correct in his assertion that the UFLRA does not apply to this action. The UFLRA is a proposed uniform act and is not binding upon the states. The National Conference of Commissioners on Uniform State Laws prepared this 1978 proposed uniform act, which the various states are free to reject or adopt by action of the state legislature. The UFLRA itself shows that only thirty-eight states have adopted it, Ohio not being one of them. 7A Uniform Laws Annotated, at 449.

■ The controlling federal law, rather than being the UFLRA, is 26 U.S.C. § 6323 which in pertinent part provides:

(f) Place for filing notice; form.

(1) Place for filing. The notice referred to in subsection (a) shall be filed—

(A) Under state laws.

(i) Real property. In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated;

· · · · ·

(3) Form. The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. *Such notice shall be valid notwithstanding*

---

**2.** Although it is preferable to remand rather than dismiss state claims after the federal claim is eliminated, the Court may evaluate the use of manipulative tactics, such as voluntarily dismissing all federal claims, to control the forum. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("If the plaintiff has attempted to manipulate the forum, the court should take

this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.")

**3.** "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*any other provision of law regarding the form or content of a notice of lien.*

26 U.S.C. § 6323 (emphasis added).

As evidenced by this statute, the tax lien filed against Plaintiff is valid, even if Ohio had adopted the UFLRA, and its requirement of certification, because 26 U.S.C. § 6323 supercedes state law. *See Larrew v. United States,* 2001 WL 790246, 2001 U.S. Dist. LEXIS 8905, *4, 2001–2 U.S. Tax Cas. (CCH) P50,514 (N.D.Tex.2001) (finding the tax lien properly filed 26 U.S.C. § 6323 even though it did not contain the requisite certification required by state law); *Bertelt v. United States,* 206 B.R. 579, 583 (Bkrtcy.M.D.Fla.1996) (same). As the *Larrew* and *Bertelt* courts acknowledged, Revenue Ruling 71–466, interpreting 26 U.S.C. § 6323, accurately states the federal law:

> Acknowledgments are of statutory origin and are not essential to the validity of an instrument in the absence of specific statutory provisions. Acknowledgment of notices of tax liens, certificate of discharge, and other instruments mentioned above, would, therefore, not appear to be essential, inasmuch as there are no Federal statutory provisions specifically requiring acknowledgment of such instruments.

> Section 6323(a) of the Code, which provides that a notice of lien shall not be valid unless filed in the office in which its filing is authorized by State law, does not purport to give a State authority to do more than designate a place for filing the notice. Section 6323(f)(3) of the Code, relating to the form and content of the notice, provides that the notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien. Accordingly, general provisions of State laws requiring the recording of documents, or otherwise requiring the acknowledgment of instruments relating to title to real property are not applicable. Section 6323(f) of the Code should be construed as setting up a specific filing procedure which is complete in and of itself and which is not affected by general provisions of State laws relating to recording, filing, or title to property.

*Revenue Ruling* 71–466, 2 C.B. 409, 1971 I.R.B. Lexis 309 *1–2, Rev. Rul. 71–466 (1971).

Accordingly, Plaintiff presents no genuine issue as to any material fact and Defendant Long is entitled to judgment as a matter of law.

## IV.   CONCLUSION

Based on the foregoing, the Federal Defendants' Motion to Dismiss is hereby **GRANTED**, (Doc. # 6), and Defendant Long's Motion for Summary Judgment is hereby **GRANTED**, (Doc. # 9). The Clerk is **DIRECTED** to enter judgment against Plaintiff and in favor of Defendants.

**IT IS SO ORDERED.**