In re SPEARING TOOL AND
MANUFACTURING CO.,
Debtor.

Crestmark Bank and Crestmark
Financial Corp., Plaintiff,

v.

United States of America, Department
of Treasury, Internal Revenue
Service, Defendant.

Bankruptcy No. 02–49144–R.
Adversary No. 02–5201.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 14, 2003.

Stephen M. Gross, Bingham Farms, MI, for debtor.

David W. Allard, Detroit, MI, for trustee.

Kevin C. Calhoun, Lathrup Village, MI, David K. Foust, Detroit, MI, Anissa C. Hudy, Bloomfield Hills, MI, Michael J. Thomas, Detroit, MI, Kimberly Webb, Detroit, MI, Donna K. Welch, Detroit, MI, for creditors.

*Opinion Regarding Plaintiffs' Motion
for Summary Judgment*

STEVEN W. RHODES, Chief Judge.

The plaintiffs, Crestmark Bank and Crestmark Financial Corp., filed a motion for summary judgment to determine lien priority. The defendant, the Internal Revenue Service, filed an objection. Following a hearing on March 31, 2003, the Court

took the matter under advisement. The Court now concludes that there are no genuine issues of material fact and that as a matter of law, the plaintiffs' motion for summary judgment should be denied and that the IRS is entitled to summary judgment.

## I.

In April of 1998, the debtor and Crestmark Bank entered into a lending agreement and the debtor granted Crestmark a security interest in all of its assets, including accounts receivables. Crestmark perfected its security interest by filing a UCC financing statement. (Pls.' Ex. 3.)

On April 6, 2001, Crestmark Financial Corp. ("CFC") entered into a secured factoring arrangement with the debtor under which CFC agreed to purchase accounts receivables from the debtor. The debtor granted CFC a security agreement in all of its assets, including accounts receivables. On April 21, 2001, CFC perfected its security interest by filing a UCC financing statement. (Pls.' Ex. 4.) As of the petition date, the debtor owed CFC $278,505.85.

On October 15, 2001, the IRS filed two notices of federal tax lien with the Michigan Secretary of State in the total amount of $202,770.11. (Pls.' Ex. 5.) The tax liens were filed under the name "Spearing Tool & MFG Company, Inc." However, the debtor's exact registered name is "Spearing Tool and Manufacturing Co." (See Pls.' Ex. 2.)

As part of its due diligence, CFC submitted periodic lien search requests for the debtor to the State of Michigan, using the debtor's exact registered name. The results indicated no liens for the period which included October 15, 2001. (Pls.' Ex. 7.) Relying on the absence of liens in the search results, CFC made funding advances to the debtor between October 15, 2001, and April 6, 2002, the repayment of which was secured by the debtor's assets.

On April 16, 2002, the debtor filed for chapter 11 relief. On April 18, 2002, the Court entered a Consent Order Approving Factoring of Accounts Receivable Under Factoring Agreement, Use of Cash Collateral, and Granting Adequate Protection. This order provided for a $200,000 reserve account to be managed by Crestmark and funded by pre-petition accounts receivable collections. The amount in the reserve account is currently $153,058.33, which is the amount in controversy. The order reserved for future determination the respective rights of Crestmark and the IRS in the account balance. On September 20, 2002, Crestmark filed this complaint to determine lien priority.

## II.

Crestmark contends that the IRS's liens were not properly filed with the State of Michigan and are therefore invalid. Crestmark contends that under Michigan law a financing statement must show the exact registered name of the debtor or else it is statutorily defective.

The IRS asserts that although state law controls the place for filing a federal tax lien, federal law controls the form and content of the filing. The IRS contends that because the lien satisfied the requirements of federal law, the lien is valid. The IRS also contends that Crestmark should have conducted a search under the various derivations of the debtor's name used by the debtor, and that such a search would have revealed the IRS's lien.

## III.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A trial court should only grant summary judgment to the nonmoving party with great caution. *K.E. Res., Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.)*, 119 F.3d 409, 412 (6th Cir.1997). However, the fact that the nonmoving party has not filed its own summary judgment motion does not preclude the entry of summary judgment if otherwise appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Ledford v. Tiedge (In re Sams)*, 106 B.R. 485, 491 (Bankr.S.D.Ohio 1989) ("Federal Courts have long recognized that if there is no genuine issue as to any material fact the court may enter summary judgment, *sua sponte.*"); *Dickeson v. Quarberg*, 844 F.2d 1435, 1444 n. 8 (10th Cir.1988) (A court may grant summary judgment to a nonmoving party " 'if the facts were fully developed at the summary judgment hearing so that the court ... can determine that the nonmoving party clearly was entitled to a judgment as a matter of law ... [and] there is no procedural prejudice to the moving party.' ") (quoting 10A Wright, Miller & Kane, Federal Practice & Procedure § 2720, at 28–9 (1983)).

### IV.

26 U.S.C. § 6321 provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6323(a) provides:

The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

26 U.S.C. § 6323(f) provides, in relevant part, that the notice referred to in subsection (a) shall be filed—

(ii) Personal property.—In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated, except that State law merely conforming to or reenacting Federal law establishing a national filing system does not constitute a second office for filing as designated by the laws of such State[.]

26 U.S.C. § 6323(f)(1)(A)(ii).

The statute further provides:

(3) Form.—The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.

26 U.S.C. § 6323(f)(3).

■ The regulations on Procedure and Administration provide that the notice shall be filed on Form 668, entitled "Notice of Federal Tax Lien Under Internal Revenue Laws." Treas. Reg. § 301.6323(f)–1(d)(1). Further, a Notice of Federal Tax Lien "must identify the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose." Treas. Reg. § 301.6323(f)–1(d)(2). These regulations have the force and effect of law. *United States v. Correll*, 389 U.S. 299, 306, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967).

■ In determining the priority of the tax liens as against Crestmark's interest, federal law applies. *See Aquilino v. United States*, 363 U.S. 509, 513–14, 80 S.Ct. 1277, 1280–81, 4 L.Ed.2d 1365 (1960); *United States v. Bank of Celina*, 721 F.2d 163, 166 (6th Cir.1983).

Crestmark asserts that the liens are not valid because they did not comply with the following provisions of state law:

M.C.L.A. § 440.9503. Name of debtor and secured party

> Sec. 9503. (1) A financing statement sufficiently provides the name of the debtor if it meets all of the following that apply to the debtor:
>
> > (a) If the debtor is a registered organization, only if the financing statement provides the name of the debtor indicated on the public record of the debtor's jurisdiction of organization which shows the debtor to have been organized.

M.C.L.A. § 440.9503(1)(a).

M.C.L.A. § 440.9506. Effect of errors or omissions

> Sec. 9506. (1) A financing statement substantially satisfying the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.
>
> (2) Except as otherwise provided in subsection (3), a financing statement that fails sufficiently to provide the name of the debtor in accordance with section 9503(1) is seriously misleading.
>
> (3) If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with section 9503(1), the name provided does not make the financing statement seriously misleading.

M.C.L.A. § 440.9506(1).

Thus, it is Crestmark's position that because the IRS did not use the debtor's registered name on the financing statements and a search of the records under the standard search logic did not reveal the IRS's liens, the financing statements are not valid.

■ The Court concludes that Crestmark's argument must be rejected. In *United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961), the Supreme Court held:

> While § 3672(a)(1) [the precursor to § 6323] unquestionably requires notice of a federal lien to be filed in a state office when the State authoritatively designates an office for that purpose, the section does not purport to permit the State to prescribe the form or the contents of that notice. Since such an authorization might well result in radically differing forms of federal tax notices for the various States, it would run counter to the principle of uniformity which has long been the accepted practice in the field of federal taxation.

*Id.* at 294, 82 S.Ct. at 351. *See also United States v. Herman*, 310 F.2d 846, 848 (2d Cir.1962) ("The state is permitted to designate the place of filing ... but the state may not add further requirements for validity."); *Bertelt v. United States (In re Bertelt)*, 206 B.R. 579, 583 (Bankr.M.D.Fla. 1996) ("[F]ederal law governing the form of a notice of federal tax lien supersedes any other law, including state law, relating to the content of such a notice.").

■ As noted above, federal law requires that the notice of tax lien "identify the taxpayer." Treas. Reg. § 301.6323(f)–1(d)(2). The Court must conclude that the notices filed by the IRS

do identify the taxpayer. This case is distinguishable from cases in which the IRS made an *error* in identifying the taxpayer and the courts were left to determine whether the IRS *sufficiently* identified the taxpayer such that a reasonable search would reveal the existence of the lien. *See e.g., Hudgins v. IRS (In re Hudgins)*, 967 F.2d 973 (4th Cir.1992) (Lien filed against "Hudgins Masonry, Inc." did not sufficiently identify the taxpayer, Michael Hudgins.); *Richter's Loan Co. v. United States*, 235 F.2d 753 (5th Cir.1956) ("Friedlander" misspelled "Freidlander" did sufficiently identify the taxpayer.); *Whiting–Turner/A.L. Johnson v. P.D.H. Dev., Inc.*, 184 F.Supp.2d 1368 (M.D.Ga.2000) (Federal tax lien in the name of "PD HILL DEVELOPMENT INC" sufficiently identified the taxpayer "PDH DEVELOPMENT INC"; the names were substantially identical and a reasonable search would have revealed the existence of the lien.); *Brightwell v. United States*, 805 F.Supp. 1464 (S.D.Ind.1992) (Notice of federal tax lien substantially complied with requirements for constructive notice, even though it listed incorrect middle initial for taxpayer and inserted extra space in his last name.); *Haye v. United States*, 461 F.Supp. 1168 (C.D.Cal. 1978) (Castillo misspelled Castello, resulting in lien being recorded nine pages from the appropriate place, would not give notice to a reasonable and diligent searcher and thus did not sufficiently identify the taxpayer.); *Reid v. IRS (In re Reid)*, 182 B.R. 443 (Bankr.E.D.Va.1995) (Lien filed under the name Gary A. Reid, when debtor's name was actually Cary A. Reid, was invalid because a reasonable and diligent search would not reveal the notice.).

Here, there was no error in identifying the taxpayer. The IRS used the accepted abbreviation for the word "Manufacturing." *See* Webster's New Collegiate Dictionary 512 (1986); THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION 303 tbl. T.6 (Columbia Law Review Ass'n et al. eds., 17th ed.2000). Further, the debtor frequently used the "Mfg." and "MFG." abbreviations in identifying itself. (See Ex. 4 to Decl. of Thomas P. Cole.) Moreover, Crestmark itself referred to the debtor as "Spearing Tool and Mfg." in credit narratives prepared by a Crestmark employee. (See. Ex. 3 to Cole Decl.) Accordingly, the Court concludes that the IRS identified the taxpayer as required by Treas. Reg. § 301.6323(f)–1(d)(2) and therefore its lien is valid and has priority over that of Crestmark.

The plaintiffs' motion for summary judgment is therefore denied and summary judgment is granted in favor of the IRS. The Court will enter an appropriate order.